In re WALKER.

(District Court, N. D. Alabama, S. D. February 5, 1910.)

No. 8,162.

BANKRUPTCY (§ 314*)—PROVABLE CLAIMS—INDEBTEDNESS TO PARTNER ARIS-ING AFTER BANKRUPTCY.

Where, at the time of the filing of a petition in voluntary bankruptcy by one partner, the firm and the remaining partner are solvent, and the bankrupt is not indebted to either, the solvent partner cannot prove a claim against the bankrupt estate because in his liquidation of the partnership business, owing to causes arising subsequently, it fails to pay out, and he is obliged to use funds of his own; such claim, if valid, being one arising after the bankruptcy, not provable nor released by the bankrupt's discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 470; Dec. Dig. § 314.*]

In the matter of G. O. Walker, bankrupt. On review of order of referee. Affirmed.

C. B. Powell, for claimant.

George Huddleston and A. Leo Oberdorfer, for trustee in bankruptcy.

GRUBB, District Judge. This was a petition to review the order of the referee in bankruptcy, disallowing the claim of George Pappas, as the administrator of Peter Pappas. The bankrupt, G. O. Walker, and the deceased, Peter Pappas, were partners, doing business under the firm name of the "Birmingham Ice Cream & Dairy Company." The bankrupt filed a voluntary petition on December 24, 1907, seeking to have himself, his partner, and the firm adjudged bankrupts. The other partner, Peter Pappas, appeared and resisted adjudication of himself and of the firm. The court, thereafter, adjudicated Walker, but, determining Pappas and the firm to be solvent, declined to adjudicate either. The solvent partner thereupon elected to take over the partnership assets for administration, and they were, accordingly, turned over to him, upon his giving bond to pay all the partnership

indebtedness. A receiver had been appointed, upon the filing of the petition, who was in possession of the assets, and who delivered them to the solvent partner for liquidation of the partnership affairs. The solvent partner thereupon settled the partnership affairs, and claims that the assets failed of paying the partnership debts, and that he paid from his individual resources an amount over and above the assets turned over to him, and over and above his proper share of the firm indebtedness. For this amount he proved his claim against the individual estate of G. O. Walker, which the referee disallowed by striking it from the files; and from this order of the referee the review is taken.

The referee disallowed the claim without passing upon the merits, holding that it was not a provable claim against the estate of G. O. Walker in bankruptcy, even if correct in its items.

The certificate of the referee contains this statement:

"Upon the hearing of the said motion, it was admitted that, on and prior to December 24, 1907. when the said petition for adjudication of the said firm of Birmingham Ice Cream & Dairy Company and of himself was filed in this court by the said G. O. Walker, the firm of the Birmingham Ice Cream & Dairy Company was amply solvent, and out of the firm assets all creditors of the firm could easily be paid, and that both partners contributed to the firm everything he was liable to contribute and had drawn nothing out of the firm; so that, as between the partners, neither owed the other anything; nor did either owe the firm anything; and that the claim attempted to be set up, which constitutes the subject of this review, arose entirely and altogether after the institution of the said proceedings in bankruptcy by the said G. O. Walker."

It will be seen that this is certified as an admission of the parties to the proceeding, and not as a mere finding by the referee. It is also borne out by the finding of the court itself that both the firm and Peter Pappas were solvent at the time of the filing of the petition.

If it be conceded that one partner, to whom a balance is found to be due upon settlement of the partnership affairs as of the date of the filing of the petition from his copartner, may file a claim in bankruptcy against the individual estate of his bankrupt partner therefor, the principle is not controlling of this case.

The certificate shows an admission by the parties that at the time of the filing of the petition there was no indebtedness existing upon a partnership settlement, as between the partners, and that the partnership assets, without resort to the individual property of either partner, were amply sufficient to fully pay all the partnership debts. At the time of the filing of the petition in bankruptcy, the bankrupt partner owed the solvent partner nothing, either because of greater contribution to the firm assets by the solvent partner or larger withdrawals therefrom by the bankrupt partner, or because in order to pay the firm indebtedness recourse would be necessary upon the solvent partner or his property, after exhaustion of the firm assets. The effect of the referee's certificate is not merely that the parties erroneously believed the state of the partnership accounts to be, at the time of the filing of the petition, as recited therein, but it is an admission that such was the actually existent state of the accounts as between the partners, at that time. The case is, therefore, not one of an unascertained or unliq-

uidated indebtedness due the solvent partner, Peter Pappas, but one in which there was no indebtedness at all due him at that time from his bankrupt partner. The indebtedness claimed by him arose subsequent to the filing of the petition in bankruptcy, by reason of the solvent partner having elected to take the administration of the partnership assets, which, when the petition was filed, were admittedly ample to pay all partnership debts, but which, owing to subsequently arising causes, failed to realize enough to do so, and by reason of his having undertaken with them to satisfy all the firm debts.

If any claim arose in favor of the solvent partner against his copartner because of the insufficiency of the partnership assets to liquidate partnership debts and the consequent necessary resort to the property of the solvent partner for that purpose, it was of subsequent origin to the filing of the petition in bankruptcy, and is not a provable claim against the bankrupt partner, nor one from which a discharge in bankruptcy would release him.

The bankrupt court is one of limited jurisdiction, having jurisdiction only of proceedings which look to the allowance of provable claims, and to the discharge of the bankrupt from his debts on the one hand, and to the collection and distribution of his assets among his creditors on the other. A proceeding which has no relevancy to one or the other of these ends must be without the jurisdiction of the bankrupt court.

The bankrupt court retains jurisdiction over a solvent partner, who has undertaken to liquidate the partnership affairs, for the purpose of compelling him to account to the trustee for the interest of the bankrupt partner, if any, in the firm, to the end that it may be applied to the payment of the individual creditors of the bankrupt partner. In this case, there was a deficiency of the partnership assets upon liquidation of the partnership affairs by the solvent partner, and the bankrupt court is not concerned in the solvent partner's liquidation of the partnership estate upon the ground of collecting and distributing the assets of the bankrupt partner among his creditors. Nor has it jurisdiction of the claim of the solvent partner against his bankrupt copartner for reimbursement of the amount expended by him in liquidating the firm debts, over and above his share of the deficiency in firm assets; since no such claim was in existence when the petition was filed, and it is not a provable or dischargeable debt against the bankrupt partner.

The bankrupt court, being concerned with the settlement of the partnership affairs only for the two ends mentioned, and not having the general jurisdiction of a court of equity to do complete equity between the partners as between each other, will not proceed to determine the equities of the two partners inter sese, except so far as they may be germane to some one of the legitimate purposes of bankruptcy proceedings; but will remit the solvent partner to a court of equity for a settlement of his claim against his copartner. The discharge of the bankrupt partner in bankruptcy would be no bar to such a proceeding in equity, since the claim on which it is based is not a provable one against the individual estate of the bankrupt partner.

The petition for review is denied, at the cost of petitioner, and the order of the referee, disallowing and striking the claim from the files, is sustained and confirmed.